

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
08/11/2010

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **MARIA DELALUZ VASQUEZ GARCIA,** | § | |
| | § | **Case No. 05-40106 (Chapter 7)** |
| Debtor, | § | |
| | § | |
| **LOWELL T. CAGE, TRUSTEE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **Adversary No. 07-03157** |
| V. | § | |
| | § | |
| **VIRGILIO GOMEZ GARCIA AND** | § | |
| **JOE ROBERTO LARA** | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION ON MOTION OF DEFENDANT JOE ROBERTO LARA
TO VACATE JUDGMENT PURSUANT TO RULE 60(b)**
[Adv. Doc. No. 40]

### I. Introduction

The dispute in the suit at bar revolves around the applicable statute of limitations imposed by Bankruptcy Rule 9024, which incorporates Fed. R. Civ. P. 60(b) (Rule 60(b)). On October 25, 2007, an Order for Summary Judgment (the Summary Judgment) [Docket No. 16] was entered in favor of Lowell T. Cage (the Trustee), which effectively avoided a transfer of real property located at 12303 Sowden Road, Houston, Texas (the Property) from Maria DeLaLuz Vasquez Garcia (the Debtor) to her two sons, Virgilio Gomez Garcia (Garcia) and Joe Roberto Lara (the Movant). The Property was the principal location of the Debtor's business "Autobuses Garcia," also identified by its English

translation "Garcia Tours." Due to circumstances further discussed herein, the Movant did not receive notice of the Summary Judgment proceedings. The Movant alleges that the Summary Judgment should be set aside pursuant to either Rule 60(b)(1), for reasons of mistake, inadvertence, or excusable neglect, or Rule 60(b)(6) for "any other reason that justifies relief."

The Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent that any finding of fact is construed as a conclusion of law, it is adopted as such. Moreover, to the extent that any conclusion of law is adopted as a finding of fact, it is adopted as such. The Court reserves its right to make additional findings of fact and conclusions of law as it deems appropriate or as may be requested by any of the parties.

## II. Findings of Fact

1. On July 1, 2005, the Debtor filed a Chapter 13 petition. [Main Case Docket No. 1]. The case was later converted to a Chapter 7 case on May 23, 2006, [Main Case Docket No. 55] and the Trustee was appointed to serve as the Chapter 7 Trustee.

2. On March 26, 2007, the Trustee filed a Complaint for Avoidance and Recovery of Fraudulent Transfer (the Complaint). [Adv. Doc. No. 1]. The Trustee alleged that the Debtor's transfer of the Property on March 23, 2003 to Garcia and the Movant was an avoidable fraudulent transfer. The Trustee specifically requested this Court avoid the transfer of the Property pursuant to Tex. Bus. & Comm. Code §24.005.

3. On March 30, 2007, a summons was entered and timely served on Garcia [Adv. Doc. No. 4] and the Movant. [Adv. Doc. No. 3].

4. Garcia and the Movant sought counsel from Michael Eddings (Eddings), an attorney in Houston, and the Movant and Garcia paid him a total of $4000; [October 17, 2008 Tr. 44:23-45:4]. Eddings' total retainer requirement, however, was $10,000. [October 17, 2008 Tr. 6:19-24]. Garcia and the Movant never returned to Eddings' office to pay the remainder of the retainer.

5. On April 24, 2007, Eddings electronically filed Defendants' Answer to Complaint for Avoidance and Recovery of Fraudulent Transfer (the Answer). [Adv. Doc. No. 10]. It is a *pro se* answer, but it represented that Garcia and the Movant's address was 1300 N. Sam Houston Parkway, E. Ste. 295, Houston, Texas 77032 -- which is actually the address of Eddings' law firm. [October 17, 2008 Tr. 8: 20-23].

6. On August 27, 2007, the Trustee filed a Motion for Summary Judgment [Adv. Doc. No. 12].

7. On October 1, 2007, the Trustee sent a Notice of a Hearing to the Movant at the following address: 7835 Kellwood, Houston, Texas 77020. The Notice set forth that there would be a hearing on the Trustee's Motion for Summary Judgment on October 25, 2007. [Adv. Doc. No. 13]

8. On October 25, 2007, at the hearing, the Court granted the Motion for Summary Judgment. [Adv. Doc. No. 16]. Neither Garcia nor the Movant were present at this hearing. The Summary Judgment granted the Trustee the power to take possession of the Property and to liquidate the Property in order to pay the Debtor's creditors.

9. The Certificate of Service attached to the Summary Judgment states that Garcia and the Movant "were served by first class mail on October 27, 2007" at Eddings' address (i.e. the address set forth on the Answer), not their home addresses. [Adv. Doc. No. 16].

10. On August 11, 2008 -- i.e. approximately 10 months after the Summary Judgment was entered on the docket -- Garcia filed a Motion to Vacate Pursuant to Federal Rule 60(b). [Adv. Doc. No. 19]. This Motion was filed by C. Zan Turcotte (Turcotte), and by signing her name to this motion, Turcotte represented to this Court that she had become counsel of record for Garcia. The Motion alleged that: 1) Garcia had no knowledge of the Summary Judgment until he was evicted from the Property; 2) Garcia believed he had retained Eddings as counsel; 3) Eddings had failed to notify Garcia of the Summary Judgment; and 4) Garcia had paid valuable consideration for the Property.

11. On August 11, 2008, the Trustee filed his Objection to Motion to Vacate Pursuant to Rule 60(b). [Adv. Doc. No. 20].

12. On August 22, 2008, this Court issued an Order to Show Cause requiring Eddings to appear before this Court on October 17, 2008. [Adv. Doc. No. 24]. This Court ordered the Show Cause Hearing due to concerns regarding the circumstances surrounding the Summary Judgment. In particular, this Court had concerns due to the allegation that Garcia believed he had retained Eddings as counsel upon his payment of $2,000[1], whereas Eddings had simply filed a *pro se* answer to the Complaint and had not notified Garcia of the subsequent Summary Judgment.

13. On October 17, 2008, a show cause hearing was held. This Court heard arguments from counsel, admitted an exhibit into the record, and heard testimony from two witnesses. The Court heard testimony from Eddings regarding the events that followed the filing of the Answer. Specifically, Eddings testified that: 1) he had not been retained by Garcia or the

---

[1] Garcia paid Eddings $2,000 and the Movant also paid Eddings $2,000, which, combined, was the $4,000 total paid to Eddings. *See* FOF No. 4.

Movant because they had never completely paid his retainer of $10,000.00 [October 17, 2008 Tr. 6:15-24; 8:12-17]; and 2) he had forwarded the Summary Judgment to Garcia and the Movant at the Property address, not their respective home addresses. [October 17, 2008 Tr. 13:17-20; 14:3-17]. Also, Garcia testified during the show cause hearing. Specifically, he testified that he retained Eddings as counsel, and, therefore, believed he was being represented in the suit. [October 17, 2008 Tr. 48:1-4]. Moreover, Garcia testified that he had no knowledge of the Summary Judgment against him until he was evicted from the Property. [October 17, 2008 Tr. 45:17-23]. Additionally, he testified that his consideration for the Property was managing "Autobuses Garcia" for over twelve years, [October 17, 2008 Tr. 40:3-17; 42:7-14], seven of those years by himself. [October 17, 2008 Tr. 41:3-8]. Garcia also testified that the Property was bought with the revenues he earned, even though the Property was put in the Debtor's name. [October 17, 2008 Tr. 42:7-25; 43:1-4]. This Court did not make a ruling at that time, but granted a continuance. The continuance was granted in order to allow the Court, the Movant, and the Trustee to examine Eddings' office file related to Garcia and the Movant.

14. On November 21, 2008, this Court held a hearing on Garcia's motion to vacate and the Trustee's objection thereto. At the end of the hearing, the Court granted Garcia's motion and vacated the Summary Judgment as to Garcia (but not Lara). [2] The Court also scheduled a trial on the merits of the Trustee's suit against Garcia for March 26, 2009.

15. On March 6, 2009, the Trustee filed an Application to Compromise Controversy. [Main Case Docket No. 82]. This application set forth that the Trustee had reached a settlement with

---

[2] The Court made this ruling orally from the bench on November 21, 2008, but did not sign the actual Order Vacating Judgment as to Garcia until March 25, 2009 [Adv. Doc. No. 33].

Garcia.

16. On March 26, 2009, a hearing was held in this adversary proceeding and the Trustee announced that pursuant to the Application to Compromise filed on March 6, 2009 in the main case, Garcia and he had reached a settlement, and that if this Court approved the terms of the settlement, no trial would be necessary.

17. On March 31, 2009, this Court granted the Application to Compromise the Controversy by signing Order Authorizing Compromise of Controversy. The Trustee was ordered to pay Garcia $38,750.00 in exchange for a release of Garcia's claim to the Property. [Main Case Docket No. 85].

18. On April 1, 2009, in the pending adversary proceeding, this Court signed the Order of Dismissal, which dismissed all of the Trustee's claims against Garcia. The Court signed this order pursuant to the settlement the Trustee had negotiated with Garcia. The Order of Dismissal as to Garcia specifically stated that "nothing herein shall affect the final summary judgment entered in this proceeding against Joe Roberto Lara on October 25, 2007." [Adv. Doc. No. 37].

19. On June 8, 2010 -- i.e. more than 32 months after the Summary Judgment was entered on the docket and more than 14 months after the Order of Dismissal as to Garcia was entered on the docket -- the Movant filed a Motion to Vacate Judgment Pursuant to Rule 60(b) (the Motion). [Adv. Doc. No. 40]. In the Affidavit of Joe Roberto Lara attached to the Motion, the Movant claimed that: (a) he believed that Eddings was representing him; (b) he, like Garcia, had no notice of the Summary Judgment against him until the eviction citation was served at the Property; and (c) he, like Garcia, paid valuable consideration for the Property

by working for Autobuses Garcia.

20. On June 9, 2010, the Trustee filed Trustee's Objection to Motion to Vacate Judgment Pursuant to Rule 60(b). (the Objection) [Adv. Doc. No. 41]. The Trustee first argues that the applicable statute of limitation under Rule 60(b) bars the Movant from seeking the relief that he requests from this Court. Second, the Trustee quotes Garcia's prior deposition testimony, dated February 5, 2009, where Garcia states that the Movant, *unlike* Garcia, did not pay valuable consideration for the Property. [Adv. Doc. No. 48]. Specifically, Garcia testified that his half brother, the Movant, never worked for Autobuses Garcia. (*see* Exhibit 1, FOF No. 24) [February 5, 2009 Tr. 10:2-4; 12:15-17].

21. On June 16, 2010, the Movant filed Lara's Reply to Trustee's Response and Objection to Motion to Vacate Judgment Pursuant to Rule 60(b). (the Response) [Adv. Doc. No. 43].

22. On July 7, 2010 this Court heard oral arguments from counsel and took the Motion, the Objection and the Response under advisement.

23. On August 2, 2010, this Court filed an Order Setting a Status Conference requiring all parties to appear before this Court on August 6, 2010.

24. On August 6, 2010, another hearing was held and three exhibits were introduced into the record. The three exhibits were: 1) the Deposition of Virgilio Gomez Garcia dated February 5, 2009 (Exhibit 1) [Adv. Doc. No. 47]; 2) the Deposition of Maria de la Luz Vasquez Garcia dated February 5, 2009 (Exhibit 2) [Adv. Doc. No. 48]; and 3) the transcript of a hearing held in this Court on October 17, 2008 (Exhibit 3) [Adv. Doc. No. 49]. Counsel for both the Trustee and the Movant stipulated to the admissibility of these exhibits.

## III. Conclusions of Law

### A. Jurisdiction and Venue

This Court has jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This dispute is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (O) and the general "catch all" language of 28 U.S.C. §157(b)(2). *See in re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ([A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.") Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### B. Rule 60(b) and Statute of Limitations

The Movant requests relief from the Summary Judgment under Bankruptcy Rule 9024, which incorporates Federal Rule 60(b). [FOF No. 19]. Specifically, the Movant seeks relief under Rule 60(b)(1), or in the alternative, Rule 60(b)(6). Rule 60(b) provides a mechanism for a party to obtain relief from a final judgment. Rule 60(b) provides: "On motion and just terms the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Unfortunately for the Movant, for the reasons set forth herein, neither Rule 60(b)(1) nor Rule 60(b)(6) provides the basis for the Movant to obtain the relief that he requests.

1. *Rule 60(b)(1)*

Rule 60(b)(1) encompasses relief from final judgments due to "mistake, inadvertence, surprise, or excusable neglect." In the suit at bar, the Movant specifically requests relief due to excusable neglect because he allegedly did not receive notice of the Summary Judgment due to the

circumstances surrounding Eddings "retention."[3] [FOF Nos. 4,13,21].

Fed. R. Civ. P. 60(c)(1) clearly states "a motion under 60(b) must be made within a reasonable time -- and for reasons *(1)*, (2), and (3) *no more than one year* after the entry of the judgment or order or the date of the proceeding." In the suit at bar, the Summary Judgment was entered on the docket on October 25, 2007 [FOF No. 8], but the Motion was filed on June 8, 2010. [FOF No. 19]. Clearly, more than two-and-a-half-years elapsed between the entry of the Summary Judgment on the docket and the filing of the Motion, a time period which is considerably outside the one-year statute of limitations. [*See* FOF Nos. 8, 19]

Additionally, the Fifth Circuit and other circuits have strictly enforced the one-year statute of limitations. *See, e.g., Jones v. Anderson Tully Co*, 722 F.2d 211, 213 (5th Cir. 1984)(holding that 60(b)(1) is subject to a strict one year statute of limitations making the suit time barred); *Warren v. Garvin*, 219 F.3d 111, 114 (2nd Cir. 2000)(holding 60(b)(1-3) statute of limitations to be "absolute") *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177-78 (10th Cir. 2005).

In sum, this Court may not grant relief to the Movant under Rule 60(b)(1) because the statute of limitations has clearly elapsed.

2. *Rule 60(b)(6)*

Rule 60(b)(6) allows a court to relieve a party from a final judgment for "any other reason that justifies relief." In the suit at bar, the Movant asks this Court to use its equitable powers to set aside the Summary Judgment granted more than two-and-a-half years ago under Rule 60(b)(6) after specifically asking for relief under Rule 60(b)(1). This, the Court will not do.

---

[3] The parties disagree on whether Eddings was actually retained as counsel. Eddings maintains that he was simply hired to "monitor" the situation until the remainder of his $10,000.00 retainer was paid. [FOF No. 13]. Garcia testified that he believed that he had actually retained Eddings. [FOF No. 13]. Additionally, in the Movant's affidavit attached to the Motion, he also claims that he had retained Eddings as counsel. (Lara Aff. ¶ 3)(FOF No. 19).

9

Rule 60(b)(6) is generally thought of as a "catch-all" phrase, and is reserved for "extraordinary circumstances." *Gonzalez v. Crosby*, 535 U.S. 524, 525 (2005). Additionally, while a Rule 60(b)(6) motion is not subject to the one-year statute of limitations, Rule 60(c) specifically limits the time of filing to a "reasonable time" after the final judgment. Whether an amount of time is reasonable depends on the facts of each case, and the court has broad discretion to consider all circumstances when evaluating reasonableness. *See, e.g., Travelers Ins. Co. v. Liljeberg Enter.*, 38 F.3d 1404, 1410 (5th Cir. 1994); *First Republic Bank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992).

While it may appear from the face of this particular Rule that the Movant could be entitled to relief, the United States Supreme Court has not adopted such a broad interpretation. The Supreme Court has declared that Rule 60(b)(1) and Rule 60(b)(6) are "mutually exclusive, and a party who failed to take timely action due to 'excusable neglect' [governed by Rule 60(b)(1)] may not seek relief more than a year after a judgment by resorting to subsection (6)." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393 (1993). Furthermore, in order to obtain relief under Rule 60(b)(6), the movant's reason must not be "premised on one of the grounds of relief enumerated in clauses [60](b)(1) through (b)(5)." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988). Therefore, in order to obtain relief under Rule 60(b)(6), a party's claim must be "extraordinary" and the relief requested must not fall within any of the 60(b)(1-5) categories.

In the suit at bar, the Movant is attempting to obtain relief by means that the Supreme Court has forbidden. The Movant seeks relief due to excusable neglect because the Movant allegedly did not receive notice of the Summary Judgment. [FOF No. 19]. This claim clearly lies within the realm of excusable neglect included in Rule 60(b)(1), which the Movant himself concedes in the Motion.

According to *Liljeberg* and *Pioneer Inv. Serv.*, the Movant may not use Rule 60(b)(6) to simply extend the one-year statute of limitations imposed by Rule 60(b)(1). Additionally, there are no extraordinary circumstances present in the suit at bar. The Movant is attempting to vacate a judgment on the grounds that the Movant did not receive notice of the Summary Judgment, which clearly falls into Rule 60(b)(1) as "excusable neglect." Additionally, the record shows conflicting testimony about whether the Movant even has a claim to the Property; Garcia testified that the Movant never worked for Autobuses Garcia whereas the Movant testified that he did [FOF Nos. 19, 20, and 24]. A swearing match with one's brother hardly constitutes "extraordinary circumstances."

Finally, a recent decision from the Supreme Court concerning Rule 60(b)(4) underscores the need in this suit deny the Movant's request for relief under Rule 60(b)(6). As already noted, there is no statute of limitations for Rule 60(b)(4), (5), or (6), but rather any motion filed under these sub-sections must be made "within a reasonable time." In *United Student Aid Funds, Inc v. Espinosa*, a party sought relief under Rule 60(b)(4) several years after the order had become final. 130 S.Ct. 1367, 1380 (2010). The order contained provisions that violated the Bankruptcy Code. *Id.* at 1367. Nevertheless, the Supreme Court upheld the circuit court's ruling that the order was not void. *Id.* at 1380. In issuing its decision, the Supreme Court emphasized the need for finality of judgments where litigants have had a full and fair opportunity to litigate a dispute. *Id.* In *Espinosa*, the party which filed the Rule 60(b)(4) motion had such an opportunity. Likewise, in the dispute at bar, the Movant had such an opportunity. He was, in fact, timely served with a summons [FOF. No. 3]. And, although there was confusion as to whether Eddings was representing him [FOF. Nos. 4, 13, and 19], the Movant knew that he had been sued, and yet took no affirmative action himself to determine the status of the suit. Moreover, Eddings testified that he had forwarded the Summary

11

Judgment to the Movant at the Property address [FOF No. 13], which means that whoever was residing at the Property -- and it is unclear whether the Debtor (i.e. the Movant's mother) or his brother (i.e. Garcia) or the Movant himself was residing there-- should have reviewed the Summary Judgment and that the Movant should have become alerted to its consequences (namely that the Trustee would take possession of the Property). Under all of these circumstances, this Court concludes that the Movant had the requisite opportunity to litigate his dispute with the Trustee, but failed to do so. Accordingly, this Court concludes that the Motion was not filed "within a reasonable period of time."

In sum, because the Movant is simply attempting to obtain relief under a previously enumerated clause and no "extraordinary circumstances" are present, the Movant is not entitled to relief under Rule 60(b)(6). Furthermore, the Motion was not filed within a reasonable period of time to justify Rule 60(b)(6) relief.

## IV. Conclusion

The Movant requests this Court allow relief from the Summary Judgment because the Movant's circumstances closely parallel Garcia's. However, there is an important and vital distinction between Garcia's Motion to Vacate and the Movant's Motion to Vacate -- Garcia's was timely filed and the Movant's was not. The Movant is clearly trying to utilize Rule 60(b)(1) to obtain relief from the Summary Judgment, but the one-year statute of limitations has elapsed. As an alternative argument, the Movant attempts to use Rule 60(b)(6) to obtain relief due to excusable neglect, which, according to the case law, may not be used to simply extend the one- year statute of limitations imposed by Rule 60(b)(1). Therefore, since the statute of limitations has clearly run, the Motion is untimely and may not be granted.

Finally, because the Motion was not filed within a reasonable period of time, the Movant is not entitled to relief under Rule 60(b)(6).

An order consistent with this Memorandum Opinion will be entered simultaneously on the docket with this Opinion.

Signed on this 11th day of August, 2010.

Jeff Bohm
United States Bankruptcy Judge